FOR PUBLICATION

# IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS AND ST. JOHN

|  |  |
|---|---|
| IN RE: | Civil No. 2007-36 |
| INNOVATIVE COMMUNICATION COMPANY, LLC, | Re: Bankruptcy No. 06-30008 |
| Debtor. | |
| IN RE: | Civil No. 2007-37 |
| EMERGING COMMUNICATIONS, INC. | Re: Bankruptcy No. 06-30007 |
| Debtor. | |

**ATTORNEYS:**

**Carol Ann Rich, Esq.**
St. Thomas, U.S.V.I.
    *For Innovative Communication Company, LLC, and Emerging Communications, Inc.,*

**Daniel J. DeFranceshi, Esq.**
Wilmington, DE
    *For Innovative Communication Company, LLC, and Emerging Communications, Inc.,*

**Douglas P. Bartner, Esq.**
New York, NY
    *For Innovative Communication Company, LLC, and Emerging Communications, Inc.,*

**Thomas Alkon, Esq.**
St. Croix, U.S.V.I.
    *For Jeffrey J. Prosser,*

**Michael J. Lichtenstein, Esq.**
Rockville, MD
    *For Jeffrey J. Prosser,*

**Robert F. Craig, Esq.**
Omaha, NE
 *For Jeffrey J. Prosser,*

**Charles S. Russell, Jr., Esq.**
St. Thomas, U.S.V.I.
 *For Rural Telephone Finance Cooperative,*

**William R. Greendyke, Esq.**
Houston, TX
 *For Rural Telephone Finance Cooperative,*

**Toby L. Gerber, Esq.**
Dallas, TX
 *For Rural Telephone Finance Cooperative,*

**Richard Hunter, Esq.**
St. Croix, U.S.V.I.
 *For Rural Telephone Finance Cooperative,*

**Kent D. Bressie, Esq.**
Washington, D.C.
 *For Rural Telephone Finance Cooperative,*

**Guy G. Gebhardt, Esq.**
Atlanta, GA
 *For the United States Trustee,*

**Jeffrey B. Moorehead, Esq.**
St. Croix, U.S.V.I.
 *For the Virgin Islands Public Services Commission,*

**Matthew J. Duensing, Esq.**
St. Thomas, U.S.V.I.
 *For Greenlight Capital Qualified, L.P., Greenlight Capital,*
 *L.P., Greenlight Capital Offshore, Ltd.*

**Thomas J. Allingham, II., Esq.**
Wilmington, DE
 *For Greenlight Capital Qualified, L.P., Greenlight Capital,*
  *L.P., Greenlight Capital Offshore, Ltd.*

## MEMORANDUM OPINION

**GÓMEZ, C.J.**

Innovative Communication Company, LLC ("ICC-LLC"), Emerging
Communications, Inc. ("ECI"), and Jeffrey J. Prosser ("Prosser")
(collectively, the "Debtors") appeal from two orders issued by
the United States Bankruptcy Court for the District of the Virgin
Islands (the "Bankruptcy Division") on February 13, 2007: (1) an
order denying the joint motion of ICC-LLC and ECI for appointment
of a responsible officer for ICC-LLC and ECI, and (2) an order
granting a motion to appoint a Chapter 11 trustee in the
underlying bankruptcy matters (together, the "February 13, 2007,
orders").

## I.   FACTUAL AND PROCEDURAL BACKGROUND

Because the Court has previously outlined the facts of this
matter in related proceedings, the Court recites only those facts
pertinent to its analysis in these particular appeals.

Prosser was an officer, director, and sole member of ICC-
LLC.  ICC-LLC is a limited liability company that owns ECI.
Rural Telephone Finance Cooperative ("RTFC") is a member-owned,
non-profit lending cooperative based in Virginia.  Greenlight
Capital Qualified, L.P., Greenlight Capital, L.P., Greenlight
Capital Offshore, Ltd. (collectively referred to as "Greenlight")
consist of two limited partnerships organized under Delaware law

and a corporation organized in the British Virgin Islands.  RTFC
and Greenlight are creditors of ICC-LLC and ECI.

On April 26, 2006, RTFC, Greenlight and the Debtors entered
into an agreement (the "Settlement Agreement" or the "Agreement")
to resolve various lawsuits, disputes and claims among the
parties.  The Agreement provided that the Debtors could discharge
RTFC's and Greenlight's claims against them, resulting from
judgments entered against the Debtors and related entities
amounting to approximately $600 million, for the discounted
amount of $402 million.  The Agreement contemplated that the
Debtors would obtain outside financing and make the $402 million
payment on or before July 31, 2006.

The Debtors did not secure final financing commitments by
the July 31, 2006, deadline and did not pay RTFC or Greenlight
any of the $402 million stipulated in the Settlement Agreement.
Instead, on July 31, 2006, ICC-LLC and ECI (together, the
"Corporate Debtors") filed voluntary petitions for relief under
Chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 1101, *et seq*.
("Chapter 11").

In December, 2006, the Debtors filed a joint motion (the
"Responsible Officer Motion") for entry of an order appointing a
responsible officer for ICC-LLC and ECI.  The United States

Trustee, Greenlight, and RTFC all filed objections to the Debtors' motion for appointment of a responsible officer.

Also in December, 2006, the United States Trustee filed a motion (the "Trustee Motion") for entry of an order appointing a Chapter 11 trustee in the underlying bankruptcy cases. RTFC and Greenlight joined in the Trustee Motion. The Debtors filed a joint objection to the Trustee Motion. The Public Services Commission of the Virgin Islands (the "PSC"), as an interested party, also filed an objection to the Trustee Motion on grounds that the appointment of a trustee would constitute a change of control without PSC approval, in violation of title 30, section 43a of the Virgin Islands Code ("Section 43a").

On February 13, 2007, the Bankruptcy Division denied the Debtors' motion for appointment of a responsible officer to act on behalf of the Corporate Debtors. The Bankruptcy Division also granted the United States Trustee's motion for appointment of a Chapter 11 trustee.

On February 20, 2007, the Debtors filed a motion in the Bankruptcy Division for a stay of the February 13, 2007, orders pending appeal to this Court. On March 14, 2007, the Debtors moved this Court to stay the February 13, 2007, orders pending appeal.

On March 15, 2007, the Bankruptcy Division denied the
Debtors' February 20, 2007, motion to stay. Also on March 15,
2007, the Bankruptcy Division issued an order appointing Stan
Springel ("Springel") as the Chapter 11 trustee in the above-
captioned cases. On March 19, 2007, this Court entered an Order
denying the Debtors' motion to stay the February 13, 2007, orders
pending appeal.

The Debtors timely filed notices of appeal from the February
13, 2007, orders, raising the following issues: (1) whether the
Bankruptcy Division abused its discretion in granting the motion
to appoint a Chapter 11 trustee, and (2) whether the Bankruptcy
Division abused its discretion in denying the motion to appoint a
responsible officer.

## II. <u>JURISDICTION AND STANDARD OF REVIEW</u>

The Court has jurisdiction to review this case pursuant to
Title 28 U.S.C. § 158(a).[1]  The Court will review the Bankruptcy

---

[1] Title 28 U.S.C. § 158(a) provides that "[t]he district
courts of the United States shall have jurisdiction to hear
appeals . . . from final judgments, orders, and decrees . . . of
bankruptcy judges entered in cases and proceedings referred to
the bankruptcy judges under [28 U.S.C. § 157]."  An appeal under
this subsection shall be taken only to the district court for the
judicial district in which the bankruptcy judge is serving." 28
U.S.C. § 158(a).

In its brief in this matter, Greenlight argues that this
Court lacks jurisdiction over the Debtors' appeal from the
Bankruptcy Division's order granting the motion for appointment

Division's findings of fact for clear error and will exercise
plenary review over questions of law. *In re Barbel*, No. 01-221,
2004 U.S. Dist. LEXIS 19417, at *2 (D.V.I. Sept. 21, 2004) ("A
district court reviews the Bankruptcy Division's conclusions of
law *de novo* but may only review findings of fact that are clearly
erroneous.") (citing Fed. R. Bankr. P. 8013; *In re Excalibur
Auto. Corp.*, 859 F.2d 454, 457 (7th Cir. 1988)), *aff'd* 183 Fed.
Appx. 227 (3d Cir. 2006). A bankruptcy court's decision to grant
a motion to appoint a Chapter 11 trustee, or to deny a motion to
appoint a responsible officer, is reviewed for abuse of
discretion. *See In re Marvel Entertainment Group Inc.*, 140 F.3d
463, 470 (3d Cir. 1998). A court will be held to have abused its
discretion "if its decision was based on a clearly erroneous
factual conclusion or an erroneous legal conclusion." *United
States v. Wise,* 515 F.3d 207, 217 (3d Cir. 2008).

### III. <u>ANALYSIS</u>

### A. Standing to Appeal

Greenlight contends that the Debtors lack standing to pursue
the instant appeal. As support for that contention, Greenlight

---

of a trustee because such an order is not a final and appealable.
However, in *In re Marvel Entertainment Group Inc.*, 140 F.3d 463,
470 (3d Cir. 1998), the United States Court of Appeals for the
Third Circuit held that an order appointing a trustee in a
bankruptcy case is a final, appealable order. *See id*. at 470-71.
Bound by that precedent, the Court rejects Greenlight's argument.

relies on Federal Rule of Bankruptcy Procedure 2012(a) ("Rule
2012(a)"). Rule 2012 provides that**,** "[i]f a trustee is appointed
in a chapter 11 case . . . the trustee is substituted
automatically for the debtor in possession as a party in any
pending action, proceeding, or matter.**"**  In Greenlight's view,
pursuant to Rule 2012, Springel was automatically substituted in
place of the Debtors as a party in the underlying proceedings.
As such, Springel was the only party having standing to appeal
the Bankruptcy Division's February 13, 2007, orders.

The right to appeal is part of the debtor's estate in
bankruptcy. *Martin v. Monumental Life Ins. Co.*, 240 F.3d 223, 232
(3d Cir. 2001); *see also* 11 U.S.C. § 541(a) (defining what
comprises the bankruptcy estate).  Accordingly, the right to
appeal rests with the trustee, as "the representative of the
estate." 11 U.S.C. § 323(a)-(b); *see also* Fed. R. Bankr. P. 6009
("With or without court approval, the trustee . . . may prosecute
or may enter an appearance and defend any pending action or
proceeding by or against the debtor, or commence and prosecute
any action or proceeding in behalf of the estate before any
tribunal.").  After a bankruptcy trustee has been appointed, only
the trustee can pursue an appeal on behalf of the debtor
corporation, unless the appeal has been abandoned by the trustee.
*See Martin,* 240 F.3d at 232 (explaining that, because the right

to appeal is part of the bankruptcy estate, only the trustee can
pursue an appeal, unless the trustee has abandoned the appeal);
*see also In re Dawnwood Properties/78*, 209 F.3d 114, 116 (2d Cir.
2000) (explaining that once the trustee was appointed to maximize
the assets of the Chapter 11 estate, only the trustee – not the
debtor or its principal equity holder – had the authority to sue
on behalf of the estate); *Bauer v. Commerce Union Bank*, 859 F.2d
438, 441 (6th Cir. 1988) ("It is well settled that the right to
pursue causes of action formerly belonging to the debtor . . .
vests in the trustee for the benefit of the estate. . . . The
debtor has no standing to pursue such causes of action."
(internal quotations omitted)).

In this case, after Springel was appointed as Chapter 11
trustee for the Corporate Debtors, the authority to pursue
appeals on behalf of Innovative belonged exclusively to Springel.
Thus, when Springel was appointed at trustee, the Debtors lost
standing to pursue the instant appeal. *See, e.g., Riggs v. Aetna
Life Ins. Co.,* 188 Fed. Appx. 659, 662-63 (10th Cir. June 14,
2006) (holding that a plaintiff who initiated a lawsuit and later
filed for bankruptcy lacked standing to continue to pursue her
claims in the lawsuit after a trustee in bankruptcy was appointed
because "[a]t that point, the bankruptcy trustee, not Ms. Riggs,
was the real party in interest"); *In re Merrill Lynch & Co., Inc.*

*Research Reports Securities Litigation*, 375 B.R. 719, 725-26
(S.D.N.Y. 2007) (holding that, when a debtor filed for bankruptcy
and a trustee was appointed, he lost standing to pursue his
claims in a pending action because "if the plaintiff loses
standing at any time during the pendency of the proceedings in
the district court or in the appellate courts, the matter becomes
moot, and the court loses jurisdiction") (quoting *Altman v.
Bedford Cent. Sch. Dist.*, 245 F.3d 49, 69 (2d Cir. 2001)); *see
also In re Eisen,* 31 F.3d 1447, 1451 n.2 (9th Cir. 1994) ("[E]ven
if Eisen is a "person aggrieved," Eisen, as a debtor, has no
standing because Moneymaker, as trustee, is the representative of
Eisen's estate.").

### IV. CONCLUSION

For the foregoing reasons, the Court will dismiss the
Debtors' appeals from the Bankruptcy Division's February 13,
2007, orders. An appropriate Order follows.


S\_____
              **CURTIS V. GÓMEZ**
                **Chief Judge**